THOMAS SHARP, Respondent, v. MICHAEL GRIFFIN, Appellant.

No. 4248; October 18, 1875.

**Appeal—Conflicting Evidence.—Findings of the Trial Court** from evidence substantially conflicting are not to be disturbed on appeal, even though having the appearance of not being justified by the evidence.

APPEAL from Tenth Judicial District, Sierra County.

This was a suit to have declared a mortgage an instrument in form more a bill of sale, and for a foreclosure. On August 7, 1869, the defendant James Arnott was indebted to the plaintiff in the sum of seven hundred and ninety-two dollars and to the defendant Griffin in the sum of eleven hundred and sixty dollars. The three met on that day, and, since Arnott had declared he had no money to pay either creditor, it was agreed that he should execute some such instrument as the following. The particular form was the result of the writing being done by Sharpe, he using his own words, but, as he testified, not departing intentionally from the sense of what Arnott dictated to him. The instrument actually signed was this:

"Know all men by these presents that James Arnott, resident of Brandy City, Lincoln Township, County of Sierra, State of California, party of the first part to these presents, do hereby cede, sell and deliver, and by these presents do convey unto Michael Griffin, of Brandy City, township, county and state aforesaid, all my right, title and interest in and to a certain mining claim situate on Grizzly Hill, in the county and state before named; said right and title being one undivided one-fifth interest in the claims known and designated as A. Sharpe and Company's Claim, for the sum of $1,160 to me in hand paid, and for the further sum of $792, which my interest owes Thomas Sharpe, of said Co., which the party of the second part agrees to pay as fast as it comes out of the claim, after deducting three dollars a day for living for each day's work, together with one undivided one-fifth interest in all mining tools and appurtenances of whatever nature or kind. Witness my hand this seventh day of August, 1869."

The instrument was duly executed by Arnott and witnessed, and on the same day properly acknowledged, and was recorded July 15, 1873, shortly before the bringing of the action.

In their answers and by their testimony at the trial both defendants took the position that this was not intended to be a mortgage, and that the condition in it relating to the payments to Sharpe was understood by all three, at the time the paper was executed, to mean that Griffin should pay Sharpe only out of any excess there might be over three dollars a day coming to him, Griffin, individually in working the mine. As a fact there never happened to be this excess, although Griffin continued to work on the claim until June, 1873. Sharpe himself corroborated the defendants' testimony on that point.

P. Vanclief & D. H. Cowden for respondent; J. L. Lockwood for appellant.

By the COURT.—There is a substantial conflict in the evidence as to the fact whether the bill of sale was intended as a mortgage. The court below finds that it was so intended, and we cannot disturb the finding. Assuming it to have been a mortgage, the provision by which the defendant "agrees to pay as fast as it comes out of the claim, after deducting three dollars a day for living, for each day's work," is not to be construed as an agreement that the debt to the plaintiff shall be paid only out of the proceeds as they come out of the claim after deducting the three dollars per day. The defendant (Griffin) was not liable for the plaintiff's debt, and did not agree to pay it, except conditionally in the manner stated. He undertook, it is true, to apply the proceeds, after deducting the per diem to the plaintiff's debt; but the debt was due when the instrument was executed, and there was no stipulation to extend the credit. There is no error in the record.

Judgment affirmed.